IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| PIERRE MACKEY, | ) | |
|---|---|---|
| Movant, | ) | |
| VS. | ) | Civ. No. 15-1283-JDT-egb |
| | ) | Crim. No. 99-10051-JDT |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

The Movant, Pierre Mackey, acting *pro se*, filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) He contends that he is entitled to relief because two of the three prior convictions that were used to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), have been vacated by the Madison County Circuit Court. Counsel was appointed to represent Mackey. (ECF No. 12.)

On December 3, 1999, Mackey was convicted by a jury on one count of possessing "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possessing a short-barreled shotgun in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i); one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g); and one count of possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. (No. 99-10051, Crim. ECF No. 72.) At sentencing this Court determined, based on prior state-court convictions for

aggravated assault and sale of cocaine, that Mackey qualified for an enhanced sentence under the ACCA. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4. Mackey was sentenced to an effective 480-month term of imprisonment and an eight-year term of supervised release. (No. 99-10051, Crim. ECF Nos. 71 & 72.) The Sixth Circuit affirmed his conviction, and the Supreme Court denied certiorari. *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001), *cert. denied*, 534 U.S. 1097 (2002).

Thereafter, Price filed a timely motion under § 2255, which this Court denied on the merits. *Mackey v. United States*, No. 03-1005-JDT (W.D. Tenn. Sept. 15, 2003). The Sixth Circuit denied a certificate of appealability. *Price v. United States*, No. 05-5786 (6th Cir. Jan. 27, 2006).

The present § 2255 motion was filed on November 25, 2015. The motion is not "second or successive" under 28 U.S.C. § 2255(h) based on the decision in *Johnson v. United States*, 544 U.S. 295 (2005). In *Johnson*, the Supreme Court held that when a conviction used to enhance a defendant's sentence under the ACCA or other statute is vacated, it is a "matter of fact" that triggers a new one-year period for seeking relief under § 2255 "if the petitioner has shown due diligence in seeking the order" vacating his prior conviction. 544 U.S. at 302. In this case, the Court finds that Mackey diligently sought to have his state-court convictions set aside. Therefore, this § 2255 proceeding is timely.

Mackey has submitted evidence showing that he obtained orders from the Madison County Circuit Court, dated November 2, 2015, vacating his convictions in docket numbers 96-234 and 98-210. (ECF No. 1-1 & 1-2.) As both of those convictions were used to

2

enhance Mackey's sentence under the ACCA (*see* Revised PSR ¶ 5), he no longer qualifies as an armed career criminal.

On March 16, 2017, the Court held a status conference with the attorneys in this matter. At the conference, it was agreed by the parties that the vacatur of Mackey's prior aggravated assault and drug convictions renders his enhanced ACCA sentence unlawful. Accordingly, the Court finds that Mackey is entitled to relief from the enhanced sentence that was imposed pursuant to the ACCA, and the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE, and the case will be set for re-sentencing on May 25, 2017.

The Clerk is directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE